**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **REGINALD COLEMAN, #13430-076,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01280-JPG** |
| | ) | |
| **USP MARION,** | ) | |
| **FBOP, and** | ) | |
| **WARDEN SPROUT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM & ORDER</u>**

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Reginald Coleman on December 3, 2021. (Doc. 14). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("FBOP") and is currently confined at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims he has been housed at USP-Marion during the COVID-19 pandemic in overcrowded and unsanitary living conditions. (Doc. 14, p. 6). Plaintiff lives in an "illegal" 3-person cell at USP-Marion, where the crowded living space and small bathrooms prevent social distancing and other precautionary measures necessary to avoid the spread of COVID-19. (*Id*.). He brings Eighth Amendment claims against USP-Marion's warden, USP-Marion, and the FBOP. Plaintiff seeks money damages. (*Id*. at 7).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or

1

malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Discussion

Based on the allegations, the Court finds it convenient to designate one count in the *pro se* First Amended Complaint:

> **Count 1:**   Eighth Amendment claim against Defendants for subjecting Plaintiff to overcrowded and unclean living conditions at USP-Marion that pose a substantial risk of serious harm to his health and safety in light of the ongoing COVID-19 pandemic.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

*Bivens* provides an implied damages remedy for certain constitutional deprivations caused by persons acting under color of federal authority.  *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  The United States Supreme Court has recognized three such instances when a *Bivens* remedy is available against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment.  *See Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017) (citations omitted).  Federal courts should otherwise refrain from expanding this remedy into contexts not already officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise.  *Ziglar*, 137 U.S. at 1859-60.  Whether Plaintiff's claim in Count 1 for unconstitutional conditions of confinement can proceed post-*Abbasi* remains to be seen; the Court need not reach the issue here.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 1 does not survive screening, even if *Abbasi* poses no hurdle to the claim.  This is due, in part, to the fact that *Bivens* offers a damages remedy against individual federal officers, and two of three defendants are not individual federal agents.  Plaintiff names a federal agency (*i.e.*, FBOP) and a federal prison (*i.e.*, USP-Marion) as defendants.  Count 1 cannot proceed with his claim for money damages against either defendant pursuant to *Bivens*.[2]

The allegations articulate no claim against the only other defendant, Warden Sprout.  To establish an Eighth Amendment violation based on unconstitutional conditions of confinement, a plaintiff must satisfy an objective requirement (*i.e.*, he suffered a sufficiently serious deprivation) and a subjective requirement (*i.e.*, each defendant acted with deliberate indifference to his conditions of confinement).  *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Helling v. McKinney*, 509 U.S. 25, 35 (1993).  Although the conditions of his confinement may satisfy the objective standard, Plaintiff does not explain how the warden was involved in creating or perpetuating the adverse conditions.  Plaintiff simply asserts that the warden was the "accountable" party.

Where a complaint describes potentially systemic conditions, such as those arising from a policy, custom, or widespread practice that results in a constitutional violation, the Court may infer personal knowledge on the part of a high-ranking officials.  *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).  However, Plaintiff's allegations do not mention this defendant.  He does not allege that the warden was generally aware of the conditions or personally responsible for a policy,

---

[2] Plaintiff seeks no injunctive relief in the First Amended Complaint.

3

custom, or practice that created the dirty bathrooms or his crowded living conditions.  Plaintiff discloses no efforts to put this defendant on notice of the conditions or the impact on his health. The allegations are simply too threadbare to support a claim against the warden.

Accordingly, Count 1 shall be dismissed without prejudice for failure to state a claim, and Plaintiff will have one final opportunity to re-plead his claims before this action is dismissed.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 14) is **DISMISSED** without prejudice.  **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against **ALL DEFENDANTS**.

If he wishes to re-plead any of the claims in this case, Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **January 7, 2022**.  Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 21-cv-01280-JPG).  The **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Second Amended Complaint must stand on its own without

reference to a previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/7/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**